# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| NORBERT BASIL MACLEAN III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-448C |
| | ) | (Judge Williams) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S MOTION TO DISMISS

Pursuant to Rule 12(b)(6) of the Rules of the United States Court of Federal Claims, defendant, the United States, respectfully requests that the Court dismiss Mr. MacLean's complaint because the Court does not possess jurisdiction to adjudicate the merits of his claims because they are barred by the statute of limitations. In support of this motion, we rely upon the complaint, the following brief, and a short appendix attached to this brief.[1/]

## QUESTION PRESENTED

Whether Mr. MacLean's complaint is barred by the six year statute of limitations embodied in the Tucker Act where he was separated from the military nine-and-one-half years ago.

## STATEMENT OF THE CASE

### I. Nature Of The Case

In his complaint, Mr. MacLean seeks a declaration that his court-martial was invalid, and expungement of his court-martial conviction. He also seeks an unspecified amount of back pay with interest. Mr. MacLean files this action pursuant to the Tucker Act, 28 U.S.C. § 1491(a)(1).

---

[1] Mr. MacLean has the affirmative burden to establish the Court's jurisdiction, and the Court may consider extrinsic evidence in ruling upon our motion to dismiss. Cedars-Sinai Medical Center v. Watkins, 11 F.3d 1573, 1583-84 (Fed. Cir. 1993), cert. denied, 114 S.Ct. 2738 (1994).

## II. Statement Of Facts

On October 31, 1992, Mr. MacLean pled guilty to writing and uttering twelve checks with the intent to defraud various payees in an aggregate amount of $8,169.30. Compl. at para 5. He was sentenced to confinement for 40 months, reduction to the lowest pay-grade, total forfeitures of all pay and allowances, and a dishonorable discharge. Id. Pursuant to his pretrial agreement, all confinement in excess of time already served was suspended. Id. The Navy-Marine Corps Court of Military Review affirmed Mr. MacLean's court-martial conviction on June 10, 1994, and he did not petition the Court of Appeals for Armed Forces for further review. Id. at para 12, 13. He was discharged from the military with a bad conduct discharge on August 29, 1994. Appendix ("A") 1.

Almost ten years later, on March 18, 2004, Mr. MacLean filed this action.

## SUMMARY OF THE ARGUMENT

The law is well-settled that the Tucker Act's six year statute of limitations begins to accrue in military pay cases on the date that a plaintiff is discharged. In this case, Mr. MacLean was discharged from the Navy on August 29, 1994, and delayed over nine years, until March 18, 2004, to file his complaint. The complaint is, therefore, barred.

Moreover, Mr. MacLean's allegation that he may enjoy equitable estoppel of the statute of limitations is unfounded. First, as this Court has noted, equitable estoppel is inapplicable to the Tucker Act's limitations period. Moreover, the basis Mr. MacLean seeks to invoke to obtain equitable estoppel – that he never received the military's response to his Article 138 complaint – is contradicted by Mr. MacLean's own references to the military's response in a 1994 lawsuit that he filed. Moreover, the allegation relates to the alleged support for his claim, but did not affect the accrual of his claim in August of 1994; consequently, the allegation does not affect the accrual date of his claim. In any event, resort to permissive administrative remedies does not toll

the Tucker Act's limitations period. Finally, the other basis upon which Mr. MacLean seeks to toll the limitations period – that he was infirm and incapable of filing his suit – is both unavailable because equitable tolling does not apply here, and unsupported by the record as Mr. MacLean filed fourteen lawsuits during this alleged period of infirmity.

Thus, the complaint must be dismissed.

## ARGUMENT

### I. The Tucker Act's Six-Year Statute Of Limitations

The United States Court of Federal Claims is a court of limited jurisdiction. Humphrey v. United States, 52 Fed. Cl. 593, 595 (2002), aff'd 60 Fed. Appx. 292, 2003 WL 1194288 (Fed. Cir. 2003) (table). Absent congressional consent to entertain a claim against the United States, the Court lacks authority to grant relief. United States v. Testan, 424 U.S. 392, 399 (1976); United States v. Sherwood, 312 U.S. 584, 586 (1941).

The statute of limitations applicable to complaints filed in the Court of Federal Claims is six years. 28 U.S.C. § 2501; Sanders v. United States, 34 Fed. Cl. 75, 80 (1995), aff'd, 104 F.3d 376 (Fed. Cir. 1996) (table). Thus, every claim over which the United States Court of Federal Claims possesses jurisdiction shall be barred unless the petition is filed within six years after such claim first accrues. 28 U.S.C. § 2501. The six-year statute of limitation is jurisdictional, leaving the court without the power to entertain a claim filed beyond that time. Christina Investment Corp. v. United States, 40 Fed. Cl. 571, 576 (1998). Moreover, plaintiff has the burden of establishing that his claim is not barred by the statute of limitations. See Adler Terrace, Inc. v. United States, 161 F.3d 1372, 1376-77 (Fed. Cir. 1998).

A claim accrues "'when the plaintiff has a legal right to maintain his or her action.'" Mudge v. United States, 59 Fed. Cl. 527, 536 (2004). Thus, "'first accrual' has usually been put, in broad formulation, as the time when all events have occurred to fix the Government's alleged

liability, entitling the claimant to demand payment and sue for his money." Id. A plaintiff need not know the extent of his injuries for a claim to accrue; instead, accrual occurs when a "plaintiff is on [notice] that it has a potential claim." Barney v. United States, 57 Fed. Cl. 76 (2003). In military pay cases, a claim accrues when a servicemember is discharged. See Martinez v. United States, 333 F.3d 1295, 1310 (Fed. Cir. 2003) (en banc), cert denied 124 S.Ct. 1404 (2004) (explaining that a cause of action accrues as soon as all events have occurred that are necessary to enable the plaintiff to bring suit).

## II. Mr. MacLean's Claim Is Barred By The Tucker Act's Limitations Period

Mr. MacLean was discharged from the United States Navy on August 29, 1994. Consequently, all events necessary to fix liability occurred on or before August 29, 1994, after which Mr. MacLean was no longer entitled to pay and benefits as a member of the United States Navy. Accordingly, Mr. MacLean's complaint is barred pursuant to 28 U.S.C. § 2501, because the six-year limitations period ended, at the latest, on August 29, 2000. Thus, the limitations period had already expired by the time Mr. MacLean commenced this action on March 18, 2004.

In his complaint, Mr. MacLean suggests that "the Government's concealment of documented evidence from the plaintiff . . . which would have supported raising the claims underlying this Complaint" equitably tolled the statute of limitations. Compl. at para. 3. Specifically, he argues that the Navy's failure to notify him of the final adjudication of his 10 U.S.C. § 938 complaint amounts to concealment because it "was sent to his previous command . . . and never forwarded." Id. Also known as an Article 138 complaint, this is an administrative complaint seeking to redress perceived wrongs alleged against a commanding officer.
10 U.S.C. § 938.

At the outset, we note that Mr. MacLean's allegations in this complaint are inconsistent with the statements he made in a May 23, 1994 lawsuit that he filed in the United States District

Court for the Eastern District of Virginia. In that complaint, Mr. MacLean acknowledged that he was aware of the results of his Article 138 complaint, referencing that "[t]he Secretary of the Navy in the Spring of 1993 ruled in part on behalf of the plaintiff . . . ." A3. Thus, the allegation in the complaint is factually unsupportable. Indeed, the allegation that the Navy "concealed" this information is far from capable of overcoming the presumption of regularity ascribed to the conduct of Government officials in the course of their duties, particularly in light of Mr. MacLean's allegation that the Navy merely sent the papers to the wrong command. Hoffman v. United States, 894 F.2d 380, 385 (Fed. Cir. 1990); Inland Service Corp. v. United States, 231 Ct. Cl. 974 (1982).

In any event, Mr. MacLean may not receive the benefit of equitable tolling of the Tucker Act's statute of limitations because, as this Court recently noted, equitable tolling is generally not available pursuant to the Tucker Act. See, e.g., Holloway v. United States, 2004 WL 741293, n. 12, (Fed. Cl. April 6, 2004). Even if equitable tolling were available in Tucker Act actions, and even if Mr. MacLean's allegation as to Government concealment were supportable, the Government's response to Mr. MacLean's Article 138 complaint does not create a new accrual date for his complaint. Instead, it involves, allegedly, additional evidence in support of Mr. MacLean's claim that he was harmed when he was discharged on August 29, 1994. See Brice v. Secretary of the Department of Health and Human Services, 1996 WL 718287 (Fed. Cl. Nov. 26, 1996) ("'If a plaintiff were entitled to have all the time he needed to be certain his rights had been violated, the statute of limitations would never run – for even after judgment, there is not certainty.'"). Resort to Article 138 is not a prerequisite to suits, and Mr. MacLean's resort to Article 138 does not toll the Tucker Act's statute of limitations. See, Holloway, 2004 WL 741293.

Similarly, the statute of limitations should not be tolled from October 1994 through May

1998 due to Mr. MacLean's alleged physical infirmities. Mr. MacLean was clearly not so infirm that he was incapable of filing this complaint. Indeed, Mr. MacLean filed fourteen separate civil actions during this period – in Federal courts from Washington, D.C., to the Southern District of California. A6-7. Mr. MacLean had ready access to any number of different courts, including this one. Consequently, even if equitable tolling were available to Tucker Act litigants, Mr. MacLean cannot avail himself of an exception for those suffering from a disability, because he was clearly able to assert his rights.

In sum, because Mr. MacLean did not commence this action until March 18, 2004, which was more than six years after his August 29, 1994, discharge from the Navy, this action is barred by the six-year statute of limitations. 28 U.S.C. § 2501.

## CONCLUSION

For the foregoing reasons, we respectfully request that the Court grant our motion to dismiss.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

/s James M. Kinsella
JAMES M. KINSELLA
Deputy Director

OF COUNSEL:

LtCol JAMES K. CARBERRY
Department of the Navy
Office of the Judge Advocate General
General Litigation Division
1322 Patterson Ave, S.E.
Suite 3000
Washington Navy Yard
D.C. 20374-5066

s/ Matthew P. Reed
MATTHEW P. REED
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit
Eighth Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 307-6289
Fax: (202) 305-2118

May 20, 2004

Attorneys for Defendant