IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| NORBERT BASIL MACLEAN III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-448C |
| | ) | (Judge Williams) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant | ) | |

DEFENDANT'S REPLY TO PLAINTIFF'S
RESPONSE TO DEFENDANT'S MOTION TO DISMISS

In our motion to dismiss, dated May 20, 2004, we established that, pursuant to Rule 12(b)(6) of the Rules of the United States Court of Federal Claims, plaintiff, Norbert Basil MacLean III, failed to state a claim upon which the Court may grant relief. Specifically, we established that this action is barred by the applicable six-year statute of limitations, because Mr. MacLean filed his complaint almost ten years after the date upon which his cause of action accrued. We further established that Mr. MacLean failed to plead a set of circumstances that would justify equitable tolling of the statute of limitations. Accordingly, we demonstrated that the Court should dismiss the complaint. In his response, Mr. MacLean contends that, as a matter of fact and law, the Court should deny our motion to dismiss. A careful evaluation of Mr. MacLean's response demonstrates that his contentions lack merit. Therefore, the Court should dismiss the complaint.

I. The Complaint Is Barred By The Applicable Statute of Limitations

As we established in our moving brief, the Court is precluded from considering claims that are filed more than six years after a claim first accrues. 28 U.S.C. § 2501; see Christina Investment Corp. v. United States, 40 Fed. Cl. 571, 576 (1998). Morever, it is well-settled that, "In a military discharge case, … the plaintiff's cause of action for back [military] pay accrues at the time of the plaintiff's discharge." Martinez v. United States, 333 F.3d 1295, 1303 (Fed. Cir. 2003)(en banc). It is undisputed that the United States Navy discharged Mr. MacLean on August 29, 1994. Plaintiff's Response to Defendant's Motion to Dismiss ("Pl. Br.") 1. Mr. MacLean filed his complaint on March 18, 2004. Accordingly, the complaint is barred by the statute of limitations.

A. The Doctrine of Equitable Tolling Is Inapplicable

Mr. MacLean contends, however, that the Court should apply the doctrine of equitable tolling, because, he contends, the United States improperly concealed a critical piece of documentary evidence, the final adjudication of his Article 138 complaint. Pl. Br. 3-13. The Court may apply the doctrine of equitable tolling "where the [plaintiff] has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." Irwin v. United States, 498 U.S. 89, 96 (1990). However, because Mr. MacLean's contention that the Navy improperly induced him to miss the applicable deadline is demonstrably incorrect, the Court should decline his invitation to apply the doctrine of equitable tolling in this case.

The Navy's Judge Advocate General Manual ("JAGMAN") establishes the procedures the Navy must follow regarding Article 138 complaints. Section 0310(d) of the JAGMAN provides that, "[u]pon review of a complaint, the Secretary shall notify the complainant" of the results of his review. Complaint, Exhibit I. In section A-3-a(1), the JAGMAN provides a format for an Article 138 complaint, which in subsection 1 FROM, directs the complainant to inform the Navy of both his "[o]rganization (current command and, if different, command at the time of the alleged wrong)," JAGMAN § A-3-a-(1)(a), and his "[p]ermanent home address (place where correspondence should be forwarded upon separation from active duty)." JAGMAN § A-3-a-(1)(c)(emphasis supplied); see Complaint, Exhibit I. That section further specifies, in subsection 3 VIA ADDRESSES, that the complainant should inform the of Navy of "intermediate superiors in the chain of command, to include complainant's current commanding officer . . . ." JAGMAN § A-3-a-(3); see Complaint, Exhibit I. Accordingly, the JAGMAN contemplates that, unless the complainant has been separated from Naval service, the Navy will fulfill its obligation to notify the complainant of the result of its review of his Article 138 complaint by providing its decision to the complainant's command, which will distribute that decision directly to the complainant.[1]

[1] This procedure is entirely consistent with the purpose of Article 138 complaints, which are designed to provide a remedy for redress of actions taken by a servicemember's commander. See 10 U.S.C. § 938.

In the Article 138 complaint that Mr. MacLean submitted to the Navy on February 20, 1992, Mr. MacLean included the required information regarding his command at the time the alleged wrong occurred, the Naval Security Station, and his permanent home address. Complaint, Exhibit F. However, Mr. MacLean did not provide any information regarding the command to which he was assigned upon the date he filed his Article 138 complaint. Complaint, Exhibit F.

The Navy adjudicated Mr. MacLean's Article 138 complaint on May 4, 1993. Complaint, Exhibit S. At that time, Mr. MacLean served on active duty in the Navy. Pl. Br. 1. Indeed, in his Article 138 complaint, Mr. MacLean informed the Navy that his End of Active Obligated Service ("EAOS") would occur upon October 30, 1993. Complaint, Exhibit F. Because Mr. MacLean had not completed his active duty service as of the date the Navy issued its decision regarding his Article 138 complaint, pursuant to JAGMAN section A-3-a-(1), the Navy was required to provide the results of its review of that complaint to Mr. MacLean's command. The only command information Mr. MacLean provided the Navy in the Article 138 complaint was that of his previous command, the Naval Security Station. Complaint, Exhibit F. It is beyond dispute that the Navy provided its decision to the commanding officer of that command. Complaint Exhibit S; Pl. Br. 7. Therefore, the record establishes that the Navy complied with the procedures specified in the JAGMAN to notify Mr. MacLean of its decision regarding his Article 138 complaint when it provided that decision to the command Mr. MacLean referenced in his complaint. Accordingly, the

fundamental premise of Mr. MacLean's request that the Court apply the doctrine of equitable tolling–that the Navy deliberately concealed the results of its review of his Article 138 complaint–is wholly without merit.[2]

Moreover, the Tucker Act's statute of limitations cannot generally be tolled "where the [plaintiff] failed to exercise due diligence in preserving his legal rights." Irwin v. United States, 498 U.S. at 96. As we established in our moving brief, Mr. MacLean has not proffered any legitimate excuse for his failure to file his complaint in this case in a timely manner. Mr. MacLean has apparently abandoned his allegation that a physical infirmity, from which he claims to have suffered from October 1994 to May 1998, prevented him from exercising his right to file this suit, see Complaint ¶ 14, because he did not respond to the contentions contained in our moving brief that addressed that allegation. Furthermore, Mr. MacLean's response to our invocation of specific statements contained in a complaint that he filed on May 23, 1994 in United States District Court for the Eastern District of Virginia is unpersuasive. Mr. MacLean's contentions that the complaint we rely upon was superceded by a subsequent filing, and that the subject of the cause of action in question was distinct from this case, Pl. Br. 8-9,

---

[2] The declarations Mr. MacLean relies upon, Pl. Br. 5, do not support his contention that the Navy concealed relevant information from him. In those declarations, two Navy attorneys assigned to Mr. MacLean's defense state that they were personally unaware of the result of the Navy's review of his Article 138 complaint. See Complaint Exhibits T, U. As we demonstrated above, pursuant to the JAGMAN, the Navy acted entirely appropriately when it notified Mr. MacLean of the result of its review of his Article 138 complaint via the command that he specified in his complaint.

are of no consequence, because our sole purpose in referring to that complaint is that his statement therein that "[t]he Secretary of the Navy in the Spring of 1993 ruled in part on behalf of the plaintiff and reinstated the plaintiff to Petty Officer and ordered back pay and his Navy service record be corrected," App 2,[3] demonstrates that he had actual knowledge in 1994 of the results of the Navy's review of his Article 138 complaint. Moreover, Mr. MacLean's contention that his statement that "the Secretary" had ruled in his favor demonstrates that he was not aware of the results of the Navy's review of his Article 138 complaint, because the decision was signed by an acting assistant secretary, Pl. Br. 9-10, is not persuasive. JAGMAN section 0310(g) authorizes the Secretary to delegate his authority to review Article 138 complaints, but specifically provides that decisions made by the Secretary's designees "shall be as effective as if done personally by the Secretary of the Navy." Complaint, Exhibit I. Therefore, Mr. MacLean's statement that the Secretary had issued his decision regarding Mr. MacLean's Article 138 complaint was correct. Because it is apparent that the Navy did not conceal the result of its review of Mr. MacLean's Article 138 complaint, the Court should dismiss the complaint.

B. Mr. MacLean's Claim Accrued Upon His Discharge From The Navy

As we established in our moving brief, it is well-settled that, in military pay cases, a claim accrues upon the date that the servicemember is discharged. See Martinez v. United States, 333 F.3d at 1310 (a cause of action accrues as soon as

[3] "App." refers to the appendix attached to our motion to dismiss.

all events have occurred that are necessary to enable the plaintiff to bring suit). In his response, however, Mr. MacLean contends that his claim did not accrue until he received documentary notification of the Navy's decision regarding his Article 138 complaint, which he asserts occurred in 2002, and he exhausted his administrative remedies, which he asserts occurred on February 9, 2004, the date upon which the United States Court of Appeals for the Armed Forces denied his writ-appeal petition for extraordinary relief. Pl. Br. 6-7, 13-19. Mr. MacLean's contention is incorrect.

Mr. MacLean relies upon Mudge v. United States, 59 Fed. Cl. 527 (Fed. Cl. 2004) to support his contention that his claim did not accrue until he received a copy of the Article 138 decision in 2002, stating that, like the plaintiff in Mudge, his claim "does not fit comfortably within the usual paradigm for computing the date on which a claim accrues." Pl. Br. 6 (quoting Mudge, 59 Fed. Cl. at 535).

Mr. MacLean misapplies the Court's holding. In Mudge, the Court found that, because a statutory amendment changed the remedy available to the plaintiff for the alleged violation of his rights, his cause of action did not accrue until the effective date of that amendment. See Mudge v. United States, 59 Fed. Cl at 536. In Mr. MacLean's case, there was no similar statutory alteration of his rights. Indeed, the accrual date of Mr. MacLean's claim cannot be seriously in question, because the United States Court of Appeals for the Federal Circuit, sitting en banc, recently held that, "[i]n a military discharge case, [the Federal Circuit] and the Court of Claims have long held that the plaintiff's cause of action for back

[military] pay accrues at the time of the plaintiff's discharge." Martinez v. United States, 333 F.3d at 1303.

Moreover, Mr. MacLean's assertion that his cause of action did not accrue until the Court of Appeals for the Armed Forces denied his request for extraordinary relief in 2004 is based upon his failure to distinguish between mandatory military judicial remedies and permissive administrative remedies. Pursuant to 10 U.S.C. § 866(b)(1), there is a mandatory review in the Navy-Marine Corps Court of Appeals ("NMCCA") following a court-martial conviction resulting in a bad conduct discharge. On June 10, 1994, the NMCCA affirmed both the findings and sentence of Mr. MacLean's court-martial. Complaint ¶ 12. Pursuant to 10 U.S.C. § 867(a)(3), Mr. MacLean had a right to appeal his conviction and sentence to the Court of Appeals for the Armed Forces. However, Mr. MacLean knowingly declined to exercise that right. Complaint ¶ 13. When Mr. MacLean made plain that he had elected not to pursue his right to appeal his conviction to the Court of Appeals for the Armed Forces, pursuant to 10 U.S.C. § 866(e), the Judge Advocate General was required to "instruct the convening authority to take action in accordance with the decision of the [NMCCA]." Accordingly, Mr. MacLean exhausted all of his mandatory military judicial remedies in 1994.

By contrast, Article 138 complaints are a permissive administrative remedy available to "[a]ny member of the armed forces who believes himself wronged by his commanding officer . . . ," 10 U.S.C. § 938, and Mr. MacLean's right to maintain this action is entirely independent of his rights pursuant to that statute. Indeed, the Court in Mudge held that "a plaintiff's invocation of a permissive administrative remedy does not prevent the accrual of the plaintiff's cause of action, nor does it toll the statute of limitations pending the exhaustion of that administrative remedy." Mudge v. United States, 59 Fed. Cl. at 536; citing Martinez v. United States, 333 F.3d at 1304. Accordingly, Mr. MacLean's assertion that his cause of action did not accrue until after the Court of Appeals for the Armed Forces issued its ruling in 2004 is incorrect.

Finally, Mr. MacLean's attempt to distinguish the cases upon which we rely in our motion to dismiss avails him nothing. Mr. MacLean contends that Holloway v. United States, 60 Fed. Cl. 254 (Fed. Cl. 2004), is factually distinguishable, because the plaintiff's non-punitive discharge did not require her to "first exhaust military judicial remedies . . . " nor "exhaust permissive administrative remedies." Pl. Br. 14. This purported factual distinction is immaterial. Holloway stands squarely for the proposition that permissive administrative remedies – e.g., Article 138 complaints – do not toll the Tucker Act's statute of limitations. See Holloway v. United States, 60 Fed. Cl. at 256. Mr. MacLean further contends that Martinez v. United States, supra, is factually distinguishable, because the non-judicial punishment at issue did not require Martinez to exhaust all military judicial

remedies. This purported factual distinction is equally immaterial, because, in Martinez, the Federal Circuit unequivocally held that a cause of action for military pay accrues upon the date the plaintiff is discharged from military service. Martinez v. United States, 333 F.3d at 1303. Accordingly, the Court should grant our motion to dismiss.

## CONCLUSION

For the forgoing reasons, we respectfully request that the Court dismiss the complaint.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/James M. Kinsella

JAMES M. KINSELLA
Deputy Director

s/Gerald M. Alexander

GERALD M. ALEXANDER
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L St., N.W.,
Washington, D.C. 20530
Tele: (202) 307-0361
Fax: (202) 514-7965

July 22, 2004