# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| NORBERT BASIL MacLEAN III,<br>Plaintiff,<br>v.<br>THE UNITED STATES,<br>Defendant. | Case No. 04-0448-C<br>Judge: Hon. Mary Ellen Coster Williams |

## PLAINTIFF'S OBJECTION TO INACCURATE FACTS CONTAINED IN DEFENDANT'S REPLY BRIEF TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS; REQUEST FOR EVIDENTIARY HEARING ON DISPUTED FACTS

COMES NOW, plaintiff Norbert Basil MacLean III (hereinafter "plaintiff"), by and through his undersigned attorneys, hereby OBJECTS to the misrepresentation of facts contained in defendant United States (hereinafter the "defendant" or "Government") Reply brief to plaintiff's Response to Defendant's Motion to Dismiss as hereinafter more fully stated:

The Government has misled this Honorable Court in its Reply brief. The Government stated that plaintiff "did not provide any information regarding the command to which he was assigned upon the date he filed his Article 138 Complaint." [1] (Government's Reply brief at page 4.) The Government is wrong.

[1] The Government failed to make this argument in its motion to dismiss; rather, it waited to raise it for the first time in its reply brief. Plaintiff had alleged in the Complaint, that the Government had an affirmative duty under Judge Advocate General Manual ("JAGMAN") § 0310(d) to notify the plaintiff of the final adjudication of the Article 138 Complaint, but failed in its duty. (Complaint at ¶ 3.) Only after the plaintiff pointed out in his Response to the Government's motion to dismiss that the Government did not dispute it failing to perform its affirmative duty, did the Government attempt to dispute plaintiff's allegation. (Plaintiff's Response at page 18; footnote 11.)

First, according to plaintiff's Naval service record and the record-of-trial in the court-martial, which the Government should have access to because it is the custodian of the original records, plaintiff's permanent duty station ("PDS") was on the staff of Commander, Naval Security Group Command ("COMNAVSECGRU"), Washington, D.C., which began on 1 June 1990 for a three year tour of duty.[2] (*See* Navy History of Assignments – NAVPERS 1070/605 together with Navy Enlisted Performance Record – NAVPERS 1070/609 attached hereto and marked as Exhibit "A.") From 24 June 1991 to 6 September 1991, plaintiff was then assigned to temporary additional duty ("TEMADD"[3]) as administrative assistant to Richard L. Armitage,[4] who was then-President George H. W. Bush's Special Negotiator.[5] After plaintiff's return from his TEMADD with then-Ambassador-at-Large Armitage, he was still PDS to COMNAVSECGRU, but assigned TEMADD to Commanding Officer, Naval Security

---

[2] This particular tour of duty was scheduled to end in June 1993 according to plaintiff's Naval service record.

[3] "Personnel on TEMADD remain attached to the station from which they initially proceed on TEMADD, as well as being subject to the command of each C[ommanding] O[fficer] to whom they may report for TEMADD." *See* U.S. Navy Military Personnel Manual ("MILPERSMAN") § 1320-020(3)(a) attached hereto and marked as Exhibit "B."

[4] Richard L. Armitage is currently the Deputy Secretary of State. At the time he held the position of ambassador-at-large while serving as President George H. W. Bush's Special Negotiator in 1991.

[5] Although this assignment is not listed in plaintiff's History of Assignments, the plaintiff was awarded the Joint Service Achievement Medal ("JSAM") by then-Secretary of Defense Dick Cheney for the plaintiff's "exceptional meritorious achievement" as administrative assistant to the President's Special Negotiator. Attached hereto and marked as Exhibit "C" is a true and correct copy of the JSAM Certificate and the Citation. Also attached and marked as Exhibit "D" is a two page letter that then-Ambassador-at-Large Armitage sent to Rear Admiral Isaiah C. Cole, Commander, Naval Security Group Command. These documents are contained in plaintiff's original record of trial at the court-martial and were marked as Defense Exhibits "E," "F," "G," respectively, which the Government should also have access to because it maintains the original record-of-trial.

Station until after his court-martial.[6] After plaintiff's court-martial, he was again still PDS to COMNAVSECGRU; however he was assigned TEMADD to the Navy Appellate Leave Activity ("NAVAPLVACT"), Washington, D.C., due to plaintiff's appellate leave status. (Plaintiff's History of Assignments and Enlisted Performance Evaluation, Exhibit "A" hereto.)

Second, the Article 138 Complaint clearly shows that COMNAVSECGRU was number "2" on the "VIA" line of the Article 138 Complaint that plaintiff filed.[7] (*See* UCMJ Article 138 Complaint, attached as Exhibit "F" to the Complaint.) The Government omitted this critical fact in its Reply brief. (*See generally* Government Reply brief.) Plaintiff's Certificate of Discharge, which the Government attached as Appendix Item "1" to it's Motion to Dismiss, clearly demonstrates that plaintiff's last duty assignment and major command was in fact "COMNAVSECGRU Washington, D.C.", and the station of separation was the plaintiff's TEMADD of NAVAPLVACT, Washington, D.C. (*See* Certificate of Discharge at items 8(a) and 8(b) attached as Appendix Item "1" to the Government's Motion to Dismiss.)

Third, the final adjudication of plaintiff's Article 138 Complaint was *never* sent to COMNAVSECGRU, which was one of the commands plaintiff clearly indicated on the "VIA ADDRESSES" line of his Article 138 Complaint. (Complaint at Exhibit "F," "S.")

---

[6] Although this assignment is not contained in plaintiff's History of Assignments, there is evidence in the court-martial record-of-trial to indicate the plaintiff was assigned TEMADD to the Naval Security Station. The Article 138 Complaint shows this fact, in the VIA line; and the court-martial record-of-trial shows this fact because it was the Commanding Officer, Naval Security Station that recommended the plaintiff's general court-martial. (Complaint at ¶¶ 23, 24, 25.)

[7] In accordance with JAGMAN A-3-a(1), plaintiff did in fact include his "current" command(s) in the "VIA ADDRESSES" line, which were both the TEMADD command of Naval Security Station and the PDS command of COMNAVSECGRU. (Complaint at Exhibit "F.")

Furthermore, COMNAVSECGRU was the actual PDS command that plaintiff was assigned to according to plaintiff's Naval service record and his last command at the time of discharge in August 1994. (Complaint at Exhibit "S;" Government's Motion to Dismiss at Appendix Item "1")

Therefore, the Government's attempt to mislead this Honorable Court into believing that plaintiff "did not provide any information" with respect to his command at the time he filed the Article 138 is to no avail. The Acting Assistant Secretary of the Navy's final adjudication of the Article 138 Complaint was sent to the **wrong** command; it was sent to the Naval Security Station; it was never sent to either the plaintiff's PDS of COMNAVSECGRU, which was clearly on the "VIA" line of the Article 138 Complaint or the plaintiff's current TEMADD of NAVAPLVACT in May of 1993. (Complaint at Exhibit "S.") Thus, plaintiff and his attorneys were never provided with the documented adjudicated Article 138 Complaint, which showed that plaintiff's Article 138 Complaint against the very officer that recommended his court-martial had merit.[8] This piece of critical documentary evidence was not provided to plaintiff or his attorneys until August 2002. (Complaint at ¶ 3; LTCOL Hammond Declaration; LT Nielson Declaration) As such, plaintiff's attorneys could not raise the significant constitutional questions at the court-martial trial or even on direct appeal. (*Id.*)

Accordingly, this Honorable Court should sustain plaintiff's objection to the factual inaccuracies of the Government's Reply brief or, in the alternative, conduct an

---

[8] The Government also ignored the fact that plaintiff's attorneys filed a motion to compel discovery in the military court, the formerly named U.S. Navy-Marine Corps Court of Military Review, in March 1994, but the motion was denied by the military court. (Complaint at footnote 10.)

evidentiary hearing on any material facts in dispute prior to ruling upon the Government's motion to dismiss.[9]

WHEREFORE, this Honorable Court should sustain the plaintiff's objection and deny the Government's motion to dismiss or, in the alternative, order an evidentiary hearing with respect to disputed material facts concerning this Honorable Court's jurisdiction before ruling on the Government's motion to dismiss.

Regardless, the Government's contentions, albeit erroneous, are irrelevant, as it is axiomatic that in reviewing a motion to dismiss, the Court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from those allegations. *See Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163 (1993). Plaintiff had denied and refutes the Government's contentions. The motion to dismiss must, therefore, be denied.

Dated: July 23, 2004

Respectfully submitted,

HELLER EHRMAN WHITE & McAULIFFE LLP

By s/Daniel S. Silverman

DANIEL S. SILVERMAN, ESQ.
HELLER EHRMAN WHITE & McAULIFFE LLP
4350 La Jolla Village Drive, 7th Fl.
San Diego, CA 92122-1246
Telephone: (858) 450-8400
Facsimile: (858) 450-8499

*Attorneys for Plaintiff*
*NORBERT BASIL MACLEAN III*

---

[9] There is a recent opinion to support an evidentiary hearing on determining this Honorable Court's jurisdiction. *Metz v. United States*, case number 00-540-C, U.S Court of Federal Claims (Filed June 30, 2004).