IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| NORBERT BASIL MACLEAN III,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant | ) | No. 04-448C<br>(Judge Williams) |

DEFENDANT'S REPLY TO PLAINTIFF'S OBJECTION TO INACCURATE FACTS CONTAINED IN DEFENDANT'S REPLY BRIEF TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS AND REQUEST FOR EVIDENTIARY HEARING ON DISPUTED FACTS

On July 23, 2004, plaintiff, Norbert Basil MacLean III, filed a document styled Plaintiff's Objection To Inaccurate Facts Contained In Defendant's Reply Brief to Plaintiff's Response to Defendant's Motion to Dismiss and Request for Evidentiary Hearing On Disputed Facts ("Pl. Obj."). In that filing, Mr. MacLean contends that the statement contained in our reply brief that Mr. MacLean "did not provide any information regarding the command to which he was assigned upon the date that he filed his Article 138 Complaint," Pl. Obj. 1, 3, is erroneous. Mr. MacLean is correct. In his Article 138 Complaint, in the fourth line from the top of the first page, Mr. MacLean referenced the Naval Security Group Command, the command to which he was assigned upon the relevant date. Complaint, Exhibit F. Defendant's counsel regrets this oversight, and humbly apologizes to the Court for our inadvertent error.

The fact that Mr. MacLean referenced his current command in his Article 138 complaint avails him nothing, however. As we established in our moving and reply briefs, Mr. MacLean's contention that the Court should apply the doctrine of equitable tolling is based entirely upon his assertion that the United States improperly concealed from him the final adjudication of his Article 138 complaint. Plaintiff's Response to Defendant's Motion to Dismiss 3-13. A review of Mr. MacLean's Article 138 complaint makes plain that Mr. MacLean failed to follow in material part the format established in section A-3-a(1) of the Judge Advocate General Manual ("JAGMAN"), because subsection A-3-a-(3), VIA ADDRESSES, provides that the complainant should inform the of Navy of "intermediate superiors in the chain of command, to include complainant's current commanding officer . . . ." JAGMAN §; A-3-a-(3); Complaint, Exhibit I. Mr. MacLean failed to provide the Navy with this information. Rather, Mr. MacLean identified the commanding officer of his former command, the Naval Security Station. Complaint, Exhibit F. It is undisputed that the Navy provided the result of its review of his Article 138 complaint to the commanding officer of that command. Complaint, Exhibit S; Pl. Br. 7. Accordingly, it is apparent that the Navy did not deliberately conceal its response from Mr. MacLean.

Moreover, the Court should deny Mr. MacLean's request that it conduct an evidentiary hearing with regard to "any material facts in dispute prior to ruling upon the Government's motion to dismiss," Pl. Obj. 4-5, because there are no facts in dispute pertaining to our motion. Rather, in our motion, we rely solely upon the

documentary record Mr. MacLean appended to his complaint. Accordingly, the Court may rule upon our motion to dismiss without conducting an evidentiary hearing.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/James M. Kinsella

JAMES M. KINSELLA
Deputy Director

s/Gerald M. Alexander

GERALD M. ALEXANDER
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L St., N.W.,
Washington, D.C. 20530
Tele: (202) 307-0361
Fax: (202) 514-7965

July 30, 2004