# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| NORBERT BASIL MacLEAN III,<br>Plaintiff,<br>v.<br>THE UNITED STATES,<br>Defendant. | Case No. 04-0448-C<br><br>Judge: Hon. Mary Ellen Coster Williams |

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE [1] TO PLAINTIFF'S OBJECTION TO INACCURATE FACTS CONTAINED IN DEFENDANT'S REPLY BRIEF TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS; REQUEST FOR EVIDENTIARY HEARING ON DISPUTED FACTS**

COMES NOW, plaintiff Norbert Basil MacLean III (hereinafter "plaintiff"), by and through his undersigned attorneys, pursuant to Rule 7.2(b) of the Rules of the U.S. Court of Federal Claims, hereby replies to defendant United States (hereinafter "defendant" or "Government") Response to Plaintiff's Objection to Inaccurate Facts Contained in Defendant's Reply Brief to Plaintiff's Response to Defendant's Motion to Dismiss ("Response to Pl. Obj."), as hereinafter more fully stated:

[1] Defendant styled its Response as a "Reply;" however, the docket reflects this pleading as a "Response." [*See* Docket entry # 16.] The Court's docket indicates that plaintiff's reply to defendant's response is due by 8/13/2004. *Id*.

It is undisputed that plaintiff did in fact indicate that Commander, Naval Security Group Command ("COMNAVSECGRU"), was one of his commands on the VIA ADDRESSES line of his Uniform Code of Military Justice ("UCMJ") Article 138 Complaint. (*See* Pl. Obj. at page 2; Government Response to Pl. Obj. at page 1; Complaint at Exhibit "F" at page one of the Article 138 Complaint on the VIA lines)

It is equally undisputed that the Assistant Secretary of the Navy's final adjudication of the Article 138 Complaint, which was dated 4 May 1993, was sent to the wrong command, the Naval Security Station[2], and *not* to plaintiff's permanent duty station command ("PDS") of COMNAVSECGRU. (Complaint at ¶ 3; Exhibit "S" to Complaint; Pl. Obj. at page 3; Government Response to Pl. Obj. at pages 1, 2 ). Plaintiff has alleged and provided evidence that he and his attorneys did not receive the documented final adjudication until August 2002. (Complaint at ¶ ¶ 3, 18, 25; Declaration ("Decl.") of LTCOL Hammond; Decl. of LT Nielsen) The Government does not provide any evidence to the contrary in its motion to dismiss [Docket # 9], its reply to the plaintiff's response to its motion to dismiss [Docket # 14], or in its response to plaintiff's objections [Docket # 16].

The Government now appears to be arguing anew, in its response to plaintiff's objection, that the Article 138 Complaint was defective in form. (Government Response to Pl. Obj. at page 2).[3] However, this argument is without merit. The Article 138 Complaint indicates that a Navy Judge Advocate General Corps officer, then-Lieutenant

---

[2] As indicated in Plaintiff's Objections, the Naval Security Station was a temporary additional duty station, not the plaintiff's PDS of COMNAVSECGRU. (Pl. Obj at pages 2, 3)

[3] The first time that the Government raises this argument is in its Response to Pl. Obj.; the Government never raised this argument before the military appellate courts or in its moving papers to dismiss [Docket # 9] or in its reply brief [Docket # 14].

Tammy Tideswell, witnessed and signed the 138 Complaint (Complaint at Exhibit "F"). The Complaint did in fact have *both* commands of COMNAVSECGRU and Naval Security Station on the VIA ADDRESSES line. (*Id.*; Pl. Obj. at page 2; Government's Response to Pl. Obj. at page 1) The Navy provides JAG Corps attorneys in "representing and/or advising service members in . . . [U.S. Naval Regulation] Article 1150 and [UCMJ] 138 complaints . . ." *See* the Navy JAG website located at: http://www.jag.navy.mil/html/NLSONCMainIntro.htm. Therefore, if there are any factual disputes as to the form and listed commands on the VIA ADDRESSES line of the Article 138 Complaint, this Honorable Court should conduct an evidentiary hearing.[4] Notwithstanding the above, JAGMAN § 0307(b)(2) indicates that "if the complaint is incomplete or otherwise fails to satisfy the requirements of [the JAGMAN], unless the G[eneral] C[ourt] M[artial] A[uthority] waives the deficiency . . . the GCMA shall return the complaint to the complainant with an explanation." *See* JAGMAN § 0307(b)(2). There is no evidence that the GCMA found the plaintiff's Article 138 Complaint defective as indicated in a letter to the plaintiff from the GCMA, Rear Admiral R. C. Jones, sent via LCDR William C. Little, who was one of plaintiff's military defense attorneys. (Complaint at Exhibit "J."[5]) This letter clearly shows that the GCMA was processing the Article 138 Complaint. (*Id.*) The Government has provided no evidence

---

[4] Based upon information and belief, LT Tideswell, the JAG officer who assisted and advised the plaintiff with respect to the 138 Complaint is still on active duty with the U.S. Navy holding the rank of Commander.

[5] This letter also provides evidence that the Government agency, Navy, was communicating with plaintiff's military attorneys with respect to the Article 138 Complaint *prior* to its adjudication. But as evidenced by the final documented adjudication, the plaintiff's military and civilian attorneys were never notified on the VIA addresses line of the final adjudication. (Complaint at Exhibit "S") Plaintiff has pled that he and his military attorney were first notified in August 2002. (Complaint at ¶ ¶ 3, 18.)

that Rear Admiral Jones returned the Article 138 Complaint to plaintiff because of any defectiveness or that Rear Admiral Jones informed the Secretary of the Navy that the Article 138 Complaint was defective as required by JAGMAN § 0307(b)(2).

Further, the Government's contention that it only had to send the Assistant Secretary of the Navy's final adjudication to the Commanding Officer, Naval Security Station, to satisfy notification to the plaintiff under Navy Judge Advocate General Manual ("JAGMAN") § 0310(d) because the Commanding Officer "will distribute that decision directly to the complainant" (Government Reply [Docket # 14] at page 3; Government Response to Pl. Obj. [Docket # 16] at page 2) is also without merit. Other than the Government's conclusory statement, it has failed to provide any evidence which would indicate that the Naval Security Station forwarded the documented adjudicated Article 138 Complaint to COMNAVSECGRU or to the Navy Appellate Leave Activity ("NAVAPLACT") for "distribution" to the plaintiff. Thus, the Government has not provided any evidence that plaintiff or his attorneys were notified of the final documented adjudication prior to August 2002.

Plaintiff has clearly pled that he and his military attorneys were first notified of the final adjudication in August 2002. (Complaint at ¶ ¶ 3, 18, 25) That is all that is necessary for a motion to dismiss. Further, the Government has failed to refute this allegation with any evidence to the contrary and only makes conclusory statements. Plaintiff has also pled that this final documented adjudication Article 138 is not apart of his Naval service record.[6] (Complaint at ¶ 15) The Government fails to dispute this

[6] The general court-martial authority first level of adjudication of 9 November 1992, is in plaintiff's Naval service record. (Complaint at ¶ 25; Exhibit "R" to Complaint) But the Assistant Secretary of the Navy's final adjudication is not in the plaintiff's Naval service record. (Complaint at ¶ 15.)

allegation. Moreover, both the assistant military defense counsel, LT Kenneth Nielsen, and the detailed military appellate defense counsel LTCOL, Steven Hammond, provided sworn statements that the documented adjudicated Article 138 Complaint was not made available to the plaintiff's defense attorneys at the court-martial and at the UCMJ article 66(c), 10 U.S.C. § 866(c), direct appeal in the military courts. (Complaint at ¶ ¶ 25; Exhibits "T" and "U" to Complaint.) The Government has provided no evidence to refute LT Nielsen and LTCOL Hammond's declarations.

Further, it is disingenuous for the Government to argue that plaintiff did not inform the Navy of his commands. (Government Response to Pl. Obj. [Docket # 16] at page 2; Government Reply [Docket # 14] at pages 3, 4) As indicated in plaintiff's objection, he did notify the Navy of his PDS command of COMNAVSECGRU on the Article 138 Complaint in the VIA line. (*See generally* Plf. Obj. [Docket # 15]; Government Response to Pl. Obj.[Docket # 16] at page 1.) Notwithstanding the fact that plaintiff informed the Navy of his PDS, the Navy should know where its sailors are assigned to, unless that sailor has deserted the Navy or has gone absent without leave from his or her command. The Government has provided no evidence to suggest in anyway that plaintiff deserted the Navy or was absent without leave when the Acting Assistant Secretary of the Navy issued her final adjudication on 4 May 1993. Therefore, on 4 May 1993, the Navy should have known to which command or duty station it had assigned its sailor, the plaintiff; or should have known of plaintiff's appellate leave status because it was the Government agency, the Navy, that placed the plaintiff on involuntary mandatory appellate leave in the first place. (Complaint at ¶ ¶ 2, 3.)

JAGMAN § 0310(d) provides:

> d. **Notification to complainant**. Upon review of a complaint, the Secretary shall notify the complainant whether such resolution is determined to be correct in law and fact and whether further action on the complaint will be taken.

The language of § 0310(d) does not state, notify the "command" or "commanding officer;" rather it states the "complaintant." (*Id.*) Nor does it state notify the "commanding officer," who then will notify the "complaintant;" or even via the "chain of command." [7] (*Id.*) Additionally, the language of § 0310(d) is mandatory because the word "shall" is used. Thus, the Navy failed in its affirmative duty to notify the plaintiff of the final documented adjudication of his Article 138 Complaint. (Complaint at ¶ 3.)

Once the adjudicated Article 138 Complaint -- a critical piece of documentary evidence -- came to light in August 2002, plaintiff's military and civilian counsel diligently prosecuted petitions in the military courts in order to overturn the conviction. (Complaint at ¶ ¶ 15 – 21, 34.) Plaintiff has alleged that the military courts failed to fully and fairly consider the significant constitutional questions raised in petitions before those military courts. (Complaint at ¶ ¶ 5, 36) Until plaintiff completely exhausted his military judicial remedies, this Honorable Court had no jurisdiction to review the significant constitutional claims now being presented because plaintiff is collaterally attacking a court-martial conviction. *Schlesinger v. Counselman*, 420 U.S. 738, 758 (1975); *Cooper v. Marsh*, 807 F.2d 988, 990 (Fed. Cir. 1986); *Williams v. Secretary of Navy*, 787 F.2d 552, 558 (Fed.Cir.1986); *Cothran v. Dalton*, 83 F.Supp.2d 58, 65 (D.D.C 1999);

[7] The Assistant Secretary of the Navy's final adjudication indicates that it was not sent downward, via the chain of command, to plaintiff, as COMNAVSECGRU or NAVAPLACT are not listed on the final adjudication. (Complaint at Exhibit "S.")

*Martinez v. U.S.*, 914 F.2d 1486, 1488 (Fed. Cir. 1990) (holding that failure to raise constitutional claims in the military justice system bars collateral attack of a court-martial in federal civilian court) Plaintiff completely exhausted his constitutional due process claims in the military judicial system on 9 February 2004. (Complaint at ¶ 9)

Finally, defendant contends that this Honorable Court should not conduct an evidentiary hearing on any disputed facts in the case prior to ruling upon the defendant's motion to dismiss, because the Government claims that it "rel[ies] solely upon the documentary record Mr. MacLean appended to his complaint." (Government Response to Pl. Obj. at pages 2, 3.) Again, the Government is wrong. The Government improperly relies upon and attaches documents from outside the pleadings to its motion to dismiss. Thus, either there should be an evidentiary hearing or, more appropriately, that improper evidence should be excluded. (*See generally* Government's Motion to Dismiss [Docket # 9] at appendix items.)

The bottom line is plaintiff and his attorneys were never provided with the critical documentary evidence to support the significant constitutional questions now being presented. This documentary evidence only became available in August 2002, and the arguments which underlie this action were presented and exhausted in the military judicial system on 9 February 2004. Within two months of exhausting military judicial remedies, plaintiff filed the instant action. Fundamental fairness requires that equitable tolling be applied to this case or, in the alternative, the date of accrual begins on the date of exhaustion of military judicial remedies. Thus, the Government's motion to dismiss must be denied. Should this Honorable Court determine that there are any disputed facts

as to this Court's jurisdiction, an evidentiary hearing should be held prior to ruling upon the Government's motion to dismiss.

Respectfully submitted,

Date: August 4, 2004

HELLER EHRMAN WHITE &
McAULIFFE LLP

By: s/Daniel S. Silverman
DANIEL S. SILVERMAN, ESQ.
HELLER EHRMAN WHITE & McAULIFFE LLP
4350 La Jolla Village Drive, 7th Fl.
San Diego, CA 92122-1246
Telephone: (858) 450-8400
Facsimile: (858) 450-8499

*Attorneys for Plaintiff*
*NORBERT BASIL MACLEAN III*