# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| NORBERT BASIL MacLEAN III,<br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br>Defendant. | Case No. 04-0448-C<br><br>Judge: Hon. Mary Ellen Coster Williams |

## PLAINTIFF'S RESPONSE TO COURT'S JANUARY 10, 2005 SCHEDULING ORDER

Plaintiff Norbert Basil MacLean III ("Plaintiff"), by and through his undersigned attorneys, responds as follows to this Court's Scheduling Order of January 10, 2005, requesting that Plaintiff provide the Court with a copy of the November 9, 1992 resolution of Plaintiff's Article 138 Complaint, referenced in the May 4, 1993, letter attached to the Complaint at Exhibit S:

Based upon information and belief, the Department of the Navy has claimed that the November 9, 1992 letter is missing. In August 2002, Plaintiff requested any and all documents relating to his Article 138 Complaint via the Freedom of Information Act ("FOIA"). On August 27, 2002, pursuant to Plaintiff's FOIA request, his military counsel received the May 4, 1993 letter *without* the November 9, 1992 letter. The office of the Assistant Secretary of the Navy for Manpower and Reserve Affairs had indicated to Plaintiff's military counsel that the letter was missing from the file and therefore no

longer existed.[1] Nor is there any such letter contained in Plaintiff's original military service record. Two days after this Honorable Court's scheduling order of January 10, 2005, the undersigned sent an expedited FOIA request to the Navy's FOIA policy manager requesting that the Navy conduct another search for the November 9, 1992 letter. Attached hereto and marked as Exhibit A is a true and correct copy of the undersigned's letter, sent via Federal Express and facsimile, to Doris M. Lama, Navy FOIA policy manager, dated January 12, 2005. To date the Department of the Navy has failed to respond.

What does exist are two entries contained in Plaintiff's original service record showing that on November 9, 1992, nine days after his court-martial conviction, Plaintiff was reinstated back to a Petty Officer Third Class in a service record entry made on November 9, 1992 indicating the R[eduction] I[n] R[ate] was set aside; and on a form entitled NAVPERS 1070/607 indicating the "vacation of the suspended reduction in rate [to which Plaintiff complained via the Article 138] be set aside effective 9 November 1992. All service record pages have been corrected." (Complaint at ¶ 25) These two service record entries indicate the action the General Court-Martial Convening Authority

[1] Many original records and copies of the original records in Plaintiff's case are missing, which the Navy claims it cannot find despite it conducting claimed searches and it is the custodian of those records. The recommendation for general court-martial under Rules for Courts-Martial 401(c)(2)(A) is missing (Complaint at ¶ 24; Exhibits N, O, P, Q to Complaint). The officer that wrote that recommendation for general court-martial, the special court-martial convening authority, is the same officer that Plaintiff had complained about months prior via the Article 138. (Complaint at ¶ 23, 24, 25) Also, all of Plaintiff's original military pay records are missing with no copies available, and no record of the chain-of-custody. Further, the many illegal court-martial subpoenas issued months before the court-martial had even been ordered convened were missing for years despite a military judge, on the record, ordering Navy attorneys to locate them and turn them over to Plaintiff's defense. Only after the court-martial were those illegal subpoenas able to be located. (Plaintiff's Response to Defendant's Motion to Dismiss [Docket # 11] at pages 10 – 13) The Navy has a consistent track record of hiding, concealing or failing to locate records and/or critical documents in Plaintiff's case, despite judges ordering they be located, FOIA lawsuits to compel production, granted motions to compel, and Congressional inquiries seeking their production. (*Id.*)

of the Article 138 Complaint took on November 9, 1992, which was reinstating the Plaintiff to his previous rank of Petty Officer Third Class, as approved by the Assistant Secretary of the Navy on May 4, 1993.[2] Copies of these authenticated service record entries are attached as Exhibit R to the Complaint. But the communication of November 9, 1992 is purportedly missing from all Navy records. Thus, Plaintiff does not have a copy of that document in his possession.

Dated: January 24, 2005

Respectfully submitted,

HELLER EHRMAN WHITE & McAULIFFE LLP

By s/ Daniel S. Silverman

DANIEL S. SILVERMAN, ESQ.
HELLER EHRMAN WHITE & McAULIFFE LLP
4350 La Jolla Village Drive, 7th Fl.
San Diego, CA 92122-1246
Telephone: (858) 450-8400
Facsimile: (858) 450-8499

*Attorneys for Plaintiff*
*NORBERT BASIL MACLEAN III*

---

[2] This Honorable Court should note that the only due process available to plaintiff to redress the vacation of the suspended reduction in rank by Commander Robert W. Cosgriff, who would later be the special court-martial convening authority in plaintiff's general court-martial, is through an Article 138 Complaint. *See* Navy Judge Advocate General Manual § 0304a(6)(b). ("The vacation of a suspended nonjudicial punishment is the proper subject of a complaint of wrongs as **no other due process procedure exists to examine that action.**") Nine days after the general court-martial, plaintiff's authenticated service record shows the suspended reduction in rank made by Commander Cosgriff was set aside on November 9, 1992 by the general court-martial convening authority. Thus, plaintiff's Article 138 Complaint had merit.

# EXHIBIT "A"

HellerEhrman
ATTORNEYS

January 12, 2005

Daniel S. Silverman
DSilverman@hewm.com
Direct (858) 450-8466
Direct Fax (858) 587-5966
Main (858) 450-8400
Fax (858) 450-8499

***VIA FEDERAL EXPRESS & FACSMILE***
***202-685-6580***

Doris M. Lama
FOIA Manager (DNS-36)
Office of the Chief of Naval Operations
720 Kennon St., SE, Bldg 33, Room 135
Washington Navy Yard, D.C. 20374-5029

Re: *Expedited FOIA/PA Request On Missing Letter(s) Of Commandant, Naval District Washington, Dated November 9, 1992, On UCMJ Article 138 Complaint Filed By Former Petty Officer Norbert Basil MacLean III Against Commander Robert W. Cosgriff*

Dear Ms. Lama:

We represent former Petty Officer Norbert Basil MacLean III. On Monday, January 10, 2005, Judge Mary Ellen Coster Williams of the U.S. Court of Federal Claims issued an order that we provide the Court with a copy of a letter dated November 9, 1992 from the Commandant of Naval District Washington ("NDW") that is referenced in a letter written by the Acting Assistant Secretary of the Navy for Manpower and Reserve Affairs ("A/SECNAV") to Mr. MacLean dated May 4, 1993. We attach a copy of the Court's order. In August 2002, Mr. MacLean had submitted a Freedom of Information Act ("FOIA") request to your office requesting any and all documents regarding the adjudication of his Uniform Code of Military Justice ("UCMJ") Article 138 Complaint. On 27 August 2002, the Office of the A/SECNAV provided, via fax to OJAG Code 45, Mr. MacLean's former military counsel, Lieutenant Marcus N. Fulton, JAGC, USN, the A/SECNAV letter dated May 4, 1993 *without* the November 9, 1992 letter.

Both Mr. MacLean and his former military counsel had inquired about the missing letter in late August 1992 and were told by you that the letter was not in the official Navy records maintained by the Federal Records Center in Suitland, Maryland. Mr. MacLean and his military attorneys never submitted a FOIA appeal because, at that time, they took the Navy's response on good faith that the document was missing. Since that time, we have entered in as counsel to Mr. MacLean. On his behalf, we request the Navy conduct another

HellerEhrman
ATTORNEYS



search under both the FOIA and the Privacy Act ("PA") for copies of the November 9, 1992 letter. It is our understanding that, according to Navy policy and regulations, there would have been two separate letters generated by the Commandant. One letter by the Commandant would have been written to Mr. MacLean as well as a second letter to the A/SECNAV via the Navy JAG concerning the adjudication of Mr. MacLean's Article 138 Complaint; and that OJAG Code 13 would have been responsible for the JAG review. Our client, this office, and OJAG Code 45 have no letters generated by the Commandant of NDW dated November 9, 1992 concerning Mr. MacLean's Article 138 Complaint.

Accordingly, on behalf of Mr. MacLean, we renew a FOIA/PA request under 5 United States Code ("U.S.C.") §§ 552 *et seq*. and §§ 552a *et seq*. on this matter, and hereby request that we be provided with a copy of the November 9, 1992 letter(s) originating from Commandant NDW regarding Mr. MacLean's UCMJ Article 138 Complaint filed against Commander Robert W. Cosgriff, former Commanding Officer of the Naval Security Station. We also request expedited processing of this FOIA/PA request, 5 U.S.C. § 552(a)(6)(E) on the grounds that Mr. MacLean has a compelling need for the document(s) because a Federal Court has asked for the production of the letter that is cited in the A/SECNAV letter dated May 4, 1993.

Should you have any questions you may contact me directly at 858-450-8466.

Very truly yours,

Daniel S. Silverman, Esq.

Enclosure: USCFC order dated Jan. 10, '05

cc: Hon. William A. Navas, Jr. (A/SECNAV) (via 703-614-4103)
Captain Eric E. Geiser (OJAG Code 13) (via fax 703-604-6955/6996)
Captain Pamela Holden (OJAG Code 45) (via fax 202-685-7426)
Norbert Basil MacLean III (via fax 619-758-0796)

SD 700701 v1
1/12/05 11:26 AM (95502.0002)

# In the United States Court of Federal Claims

**04-0448C**
**(Filed January 10, 2005)**

| | |
|---|---|
| **NORBERT BASIL MACLEAN, III.** | * |
| **Plaintiff,** | * |
| v. | * |
| **THE UNITED STATES,** | * |
| **Defendant.** | * |

## SCHEDULING ORDER

On **January 28, 2005, at 1:30 pm EST**, the Court will hold a telephonic argument on Defendant's motion to dismiss. Specifically, the Court will address Plaintiff's "equitable tolling" and "exhaustion of administrative remedies" arguments. The Court requests that, prior to the argument, Plaintiff provide the Court with a copy of the November 9, 1992, resolution of Plaintiff's Article 138 Complaint, referenced in the May 4, 1993, letter attached to the Complaint at Exhibit S. It is so **ORDERED**.

s/Mary Ellen Coster Williams
**MARY ELLEN COSTER WILLIAMS**
**Judge**

From: Origin ID: (858)450-5708
Mary Shea
HELLER EHRMAN WHITE & MCAULIFF
4350 LA JOLLA VILLAGE DRIVE
7TH FLOOR
SAN DIEGO, CA 92122

FedEx Express

E

CLS091404/05/06

Ship Date: 12JAN05
Actual Wgt: 1 LB
System#: 2842020/INET2000
Account#: S *********

REF: 95502-0002

Delivery Address Bar Code

SHIP TO: (000)000-0000 BILL SENDER

**Doris M. Lama FOIA Manager DNS-36**
**Office of teh Chief of Naval Operat**
**720 Kennon Street, SE**
**Building 33, Room 135**
**Washington Navy Yard, DC 20374**

**PRIORITY OVERNIGHT**

**THU**
Deliver By:
13JAN05

TRK# 7903 9430 0258 FORM 0201

**IAD** A2

20374 -DC-US

**NJ WASA**

Shipping Label: Your shipment is complete

1. Use the 'Print' feature from your browser to send this page to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning: Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.**

Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com. FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery, misdelivery, or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim. Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental, consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss. Maximum for items of extraordinary value is $500, e.g. jewelry, precious metals, negotiable instruments and other items listed in our Service Guide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

United States Home Information Center | Custom

FedEx

Search

Package / Envelope Services | Office / Print Services | Freight Services | Expedited Servi

Ship | Track | Manage My Account | International Tools

Track Shipments

# Detailed Results

Printable Version Quick Help

| | | | |
|---|---|---|---|
| **Tracking number** | 790394300258 | **Reference** | 95502-0002 |
| **Signed for by** | R.EDWARDS | **Delivery location** | Washington Navy Yard, DC |
| **Ship date** | Jan 12, 2005 | | |
| **Delivery date** | Jan 13, 2005 12:29 PM | **Delivered to** | Receptionist/Front Desk |
| | | **Service type** | Priority Envelope |
| | | **Weight** | 0.5 lbs. |
| **Status** | Delivered | | |

You can also track:

- By TCN
- FedEx Trac shipments
- By Email Tr
- By FedEx V Solutions

| Date/Time | | Activity | Location | Details |
|---|---|---|---|---|
| **Jan 13, 2005** | 12:29 PM | **Delivered** | Washington Navy Yard, DC | |
| | 9:35 AM | Delivery exception | WASHINGTON, DC | Recipient location security delay. Delivery will be reattempted. |
| | 9:07 AM | On FedEx vehicle for delivery | WASHINGTON, DC | |
| | 7:27 AM | At local FedEx facility | WASHINGTON, DC | |
| | 6:09 AM | At dest sort facility | DULLES, VA | |
| | 4:40 AM | Departed FedEx location | INDIANAPOLIS, IN | |
| | 2:56 AM | Arrived at FedEx location | INDIANAPOLIS, IN | |
| **Jan 12, 2005** | 6:29 PM | Left origin | SAN DIEGO, CA | |
| | 5:35 PM | Package data transmitted to FedEx; package not in FedEx possession | | |

Wrong Address?
Reduce future mistal
FedEx Address Che

**Shipping Freight?**
FedEx has LTL, air surface and air exp multi piece packag and ocean freight.

Signature proof Track more shipments

Email your detailed tracking results (optional)

Enter your email, submit up to three email addresses (separated by commas), add your message (optional), and click **Send email**.

From

To

Add a message to this email.

Send email

********************
*** TX REPORT ***
********************

TRANSMISSION OK

| | |
|---|---|
| TX/RX NO | 2217 |
| CONNECTION TEL | #99999#1221#12026856580# |
| CONNECTION ID | |
| ST. TIME | 01/12 11:43 |
| USAGE T | 01'14 |
| PGS. SENT | 4 |
| RESULT | OK |

FAXED

# Facsimile Transmittal

HellerEhrman
ATTORNEYS

4350 La Jolla Village Drive, 7th Floor
San Diego, CA 92122-1246
Main (858) 450-8400
Fax (858) 450-8499

| | | | |
|---|---|---|---|
| **To:** | Doris M. Lama, FOIA Manager | **Fax:** | (202) 685-6580 |
| **Telephone:** | | | |
| **To:** | Hon. William A. Navas, Jr. | **Fax:** | (703) 614-4103 |
| **Telephone:** | | | |
| **To:** | Captain Eric E. Geiser | **Fax:** | (703) 604-6955/6996 |
| **Telephone:** | | | |
| **To:** | Captain Pamela Holden | **Fax:** | (202) 685-7426 |
| **Telephone:** | | | |
| **To:** | Norbert Basil MacLean III | **Fax:** | (619) 758-0796 |
| **Telephone:** | | | |

**From:** Daniel S. Silverman
**Telephone:** (858) 450-8466
**Direct Fax:** (858) 587-5966
**No. of Pages:** 4 (including cover)
**Date:** January 12, 2005

**Message:**

Please see attached.

Document8
1/12/05 11:33 AM ()

********************
*** TX REPORT ***
********************

FAXED

TRANSMISSION OK

| | |
|---|---|
| TX/RX NO | 2218 |
| CONNECTION TEL | #99999#1221#17036144103# |
| CONNECTION ID | |
| ST. TIME | 01/12 11:46 |
| USAGE T | 01'05 |
| PGS. SENT | 4 |
| RESULT | OK |

## Facsimile Transmittal

HellerEhrman
ATTORNEYS
4350 La Jolla Village Drive, 7th Floor
San Diego, CA 92122-1246
Main (858) 450-8400
Fax (858) 450-8499

| | | | |
|---|---|---|---|
| **To:** | Doris M. Lama, FOIA Manager | **Fax:** | (202) 685-6580 |
| **Telephone:** | | | |
| **To:** | Hon. William A. Navas, Jr. | **Fax:** | (703) 614-4103 |
| **Telephone:** | | | |
| **To:** | Captain Eric E. Geiser | **Fax:** | (703) 604-6955/6996 |
| **Telephone:** | | | |
| **To:** | Captain Pamela Holden | **Fax:** | (202) 685-7426 |
| **Telephone:** | | | |
| **To:** | Norbert Basil MacLean III | **Fax:** | (619) 758-0796 |
| **Telephone:** | | | |

**From:** Daniel S. Silverman
**Telephone:** (858) 450-8466
**Direct Fax:** (858) 587-5966
**No. of Pages:** 4 (including cover)
**Date:** January 12, 2005

**Message:**

Please see attached.

Document8
1/12/05 11:33 AM 0

*********************
*** TX REPORT ***
*********************

TRANSMISSION OK

| | |
|---|---|
| TX/RX NO | 2220 |
| CONNECTION TEL | #99999#1221#17036046996# |
| CONNECTION ID | |
| ST. TIME | 01/12 11:55 |
| USAGE T | 01'50 |
| PGS. SENT | 4 |
| RESULT | OK |

FAXED

**Facsimile Transmittal**

HellerEhrman
ATTORNEYS

4350 La Jolla Village Drive, 7th Floor
San Diego, CA 92122-1246
Main (858) 450-8400
Fax (858) 450-8499

| | | | |
|---|---|---|---|
| **To:** | Doris M. Lama, FOIA Manager | **Fax:** | (202) 685-6580 |
| **Telephone:** | | | |
| **To:** | Hon. William A. Navas, Jr. | **Fax:** | (703) 614-4103 |
| **Telephone:** | | | |
| **To:** | Captain Eric E. Geiser | **Fax:** | (703) 604-6955/6996 |
| **Telephone:** | | | |
| **To:** | Captain Pamela Holden | **Fax:** | (202) 685-7426 |
| **Telephone:** | | | |
| **To:** | Norbert Basil MacLean III | **Fax:** | (619) 758-0796 |
| **Telephone:** | | | |

**From:** Daniel S. Silverman
**Telephone:** (858) 450-8466
**Direct Fax:** (858) 587-5966
**No. of Pages:** 4 (including cover)
**Date:** January 12, 2005

**Message:**

Please see attached.

Document8
1/12/05 11:33 AM 0

*********************
*** TX REPORT ***
*********************

TRANSMISSION OK

| | |
|---|---|
| TX/RX NO | 2221 |
| CONNECTION TEL | #99999#1221#12026857426# |
| CONNECTION ID | |
| ST. TIME | 01/12 11:58 |
| USAGE T | 01'07 |
| PGS. SENT | 4 |
| RESULT | OK |

FAXED

**Facsimile Transmittal**

HellerEhrman
ATTORNEYS

4350 La Jolla Village Drive, 7th Floor
San Diego, CA 92122-1246
Main (858) 450-8400
Fax (858) 450-8499

| | | | |
|---|---|---|---|
| **To:** | Doris M. Lama, FOIA Manager | **Fax:** | (202) 685-6580 |
| **Telephone:** | | | |
| **To:** | Hon. William A. Navas, Jr. | **Fax:** | (703) 614-4103 |
| **Telephone:** | | | |
| **To:** | Captain Eric E. Geiser | **Fax:** | (703) 604-6955/6996 |
| **Telephone:** | | | |
| **To:** | Captain Pamela Holden | **Fax:** | (202) 685-7426 |
| **Telephone:** | | | |
| **To:** | Norbert Basil MacLean III | **Fax:** | (619) 758-0796 |
| **Telephone:** | | | |

**From:** Daniel S. Silverman
**Telephone:** (858) 450-8466
**Direct Fax:** (858) 587-5966
**No. of Pages:** 4 (including cover)
**Date:** January 12, 2005

**Message:**

Please see attached.

Document8
1/12/05 11:33 AM ()

********************
*** TX REPORT ***
********************

TRANSMISSION OK

| | |
|---|---|
| TX/RX NO | 2222 |
| CONNECTION TEL | 2#99999#1221#16197580796 |
| CONNECTION ID | Norbert B MacLea |
| ST. TIME | 01/12 12:01 |
| USAGE T | 00'40 |
| PGS. SENT | 4 |
| RESULT | OK |

FAXED

**Facsimile Transmittal**

HellerEhrman
ATTORNEYS

4350 La Jolla Village Drive, 7th Floor
San Diego, CA 92122-1246
Main (858) 450-8400
Fax (858) 450-8499

| | | | |
|---|---|---|---|
| **To:** | Doris M. Lama, FOIA Manager | **Fax:** | (202) 685-6580 |
| **Telephone:** | | | |
| **To:** | Hon. William A. Navas, Jr. | **Fax:** | (703) 614-4103 |
| **Telephone:** | | | |
| **To:** | Captain Eric E. Geiser | **Fax:** | (703) 604-6955/6996 |
| **Telephone:** | | | |
| **To:** | Captain Pamela Holden | **Fax:** | (202) 685-7426 |
| **Telephone:** | | | |
| **To:** | Norbert Basil MacLean III | **Fax:** | (619) 758-0796 |
| **Telephone:** | | | |

**From:** Daniel S. Silverman
**Telephone:** (858) 450-8466
**Direct Fax:** (858) 587-5966
**No. of Pages:** 4 (including cover)
**Date:** January 12, 2005

**Message:**

Please see attached.

Document8
1/12/05 11:33 AM ()