IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| NORBERT BASIL MACLEAN III,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 04-448C<br>(Judge Williams) |

DEFENDANT'S REPLY TO PLAINTIFF'S
SUPPLEMENT TO OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

In plaintiff's supplement to opposition to defendant's motion to dismiss ("Pl. Supp."), plaintiff, Norbert Basil MacLean, asserts that the Court should deny our motion to dismiss because, based upon the requirement that he exhaust his administrative remedies, the applicable statute of limitations did not accrue until February 9, 2004, and, alternatively, that equitable tolling of the statute of limitations applies in this case. Because Mr. MacLean's assertions lack merit, the Court should grant our motion to dismiss.

I. Mr. MacLean's Cause of Action Accrued in 1994

As we established in our motion to dismiss, a six year statute of limitations applies to claims for military pay in this Court, 28 U.S.C. § 2501; see Christina Investment Corp. v. United States, 40 Fed. Cl. 571, 576 (1998), and those causes of action accrue "at the time of the plaintiff's discharge." Martinez v. United States, 333 F.3d 1295, 1303 (Fed. Cir. 2003)(en banc). It is undisputed that the United States Navy discharged Mr. MacLean on August 29, 1994, and that Mr. MacLean filed his complaint on March 18, 2004. Accordingly, the complaint is barred by the statute of limitations.

Mr. MacLean asserts, however, that, because he was subject to a punitive discharge, his cause of action did not accrue until he exhausted "all available military judicial remedies with respect to his claims of a fatal jurisdictional defect in the creation of the court martial" that resulted in his discharge. Pl. Supp. 2. Mr. MacLean further asserts that, because he did not fully exhaust his military judicial remedies until February 9, 2004–the date upon which the United States Court of Appeals for the Armed Forces ("CAAF") denied Mr. MacLean's appeal of a decision of the United States Navy-Marine Corps Court of Criminal Appeals ("NMCCA") denying Mr. MacLean's petition for extraordinary relief in the nature of the writ of error ***coram nobis***, Complaint ("Compl.") ¶ 21–his complaint is timely. Pl. Supp. 2-5. Mr. MacLean's assertion is incorrect.

Before a service member may file suit in this Court seeking to collaterally attack a court-martial conviction resulting in a punitive discharge, the service member must first exhaust his prescribed administrative remedies. See Crowley v. United States, 56 Fed. Cl. 291, 295 (2003)("The doctrine...provides 'that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted,'" quoting Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 50-51 (1938); accord Sandvik Steel Co. v. United States, 164 F.3d 596, 599 (Fed. Cir. 1998)).

The prescribed administrative remedy for a punitive military discharge is specified in 10 U.S.C. §§ 859-876, which provides several potential methods for a service member to challenge his court-martial and sentence, including: submitting the matter to the convening authority before final action, § 860; review by the NMCCA, § 865; review by the CAAF, § 867; review by the United States Supreme Court, § 867a; and review by the office of the Judge Advocate General, § 869. Moreover, 10 U.S.C. § 876 provides that, once the administrative process as prescribed in that chapter is completed, the findings of the administrative authority are "final and conclusive," and "[o]rders publishing the proceedings of courts-martial and all action taken pursuant to those proceedings are binding upon all departments, courts, agencies, and officers of the United States . . . . "

In addition to the prescribed administrative remedies contained in Title 10, United States Code, several extraordinary administrative remedies are available to service members who are subject to a punitive discharge, including the writ of error ***coram nobis***, which is outside the normal procedures for review within the military justice system. See Andrews v. Heupel, 29 M.J. 743, 747 (1989) ("The Supreme Court has allowed bypassing ordinary procedures for review within the military justice system when accused persons have 'raised substantial arguments denying the right of the military to try them at all,'" quoting Noyd v. Bond, 395 U.S. 683 (1969)).[1]

---

[1] It is well-settled that the writ of error ***coram nobis*** is an extraordinary writ. See, e.g., United States v. Morgan, 346 U.S. 502, 506 (1954); Yasui v. United States, 772 F.2d 1496, 1498 (9th Cir. 1985).

Accordingly, before Mr. MacLean could file this suit, he was required to exhaust his prescribed administrative remedies. The record demonstrates that Mr. MacLean fulfilled that requirement in 1994, when, pursuant to 10 U.S.C. § 865, he filed an appeal of his conviction and sentence with the NMCCA, Compl. ¶ 12; and he elected to waive his right, granted by 10 U.S.C. § 867, to appeal the NMCCA's affirmance of his conviction and sentence to the CAAF. Compl. ¶ 13.[2] After Mr. MacLean exhausted his prescribed administrative remedies, pursuant to 10 U.S.C. § 876, his conviction and sentence became final and conclusive, and the Navy discharged him in accordance with that sentence. Compl. ¶ 7. Because Mr. MacLean exhausted his prescribed administrative remedies in 1994, his cause of action accrued at that time. See Martinez v. United States, 333 F.3d at 1303. Mr. MacLean's election to seek relief by invoking the extraordinary writ of ***coram nobis*** in 2002 does not yield a different result, because, as we demonstrated above, that writ is outside of the administrative remedies prescribed by the statutory scheme contained in title 10, United States Code. Accordingly, Mr. MacLean's suit is time-barred.

II. The Doctrine of Equitable Tolling Is Inapplicable

Mr. MacLean contends that the Court should apply the doctrine of equitable tolling, because he did not receive a piece of evidence that was critical to his filing of a complaint in this Court, the final adjudication of his Article 138 complaint,

[2] By waiving his appeal to the CAAF, Mr. MacLean further waived his right, granted by 10 U.S.C. § 867a, to seek Supreme Court review.

until 2002. Pl. Supp. 5-9. That contention is unavailing.

To invoke the doctrine of equitable tolling, Mr. MacLean must demonstrate "a compelling justification for the delay, such as 'where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass,'" or that the claimant did not know, and could not know, that the claim existed. Martinez v. United States, 333 F.3d at 1318. Mr. MacLean meets neither of these criteria.

Mr. MacLean has presented no evidence to support his allegation, Compl. ¶ 33, n.10, that the Navy deliberately concealed from him the final adjudication of his Article 138 complaint. Rather, as we fully discussed in our reply to Mr. MacLean's response to our motion to dismiss, at 3-5, the evidence demonstrates that the Navy sent the results of the Article 138 complaint to Mr. MacLean in 1994, but that the Navy inadvertently forwarded the document to the wrong address, because of the inappropriate manner in which Mr. MacLean listed his current command in his Article 138 complaint.

Moreover, Mr. MacLean's assertion that did not know, and could not have known, the facts supporting his claim until he received the results of his Article 138 complaint in 2002, Pl. Supp. 6-8, lacks merit. Rather, the record demonstrates that, by 1994, Mr. MacLean believed that he had been treated unfairly by his commanding officer; that this purported unfair treatment had resulted in an allegedly unjust court-martial and sentence; and that he had been subject to a punitive discharge based upon the sentence imposed by the allegedly improper

court-martial. See Compl. Exhibit C, Decision of NMCCA dated June 10, 1994. Accordingly, Mr. MacLean could have filed his complaint in 1994.

Mr. MacLean contends, however, that without documentary evidence demonstrating the success of his Article 138 complaint, he could not file this suit, because his "belief in the success of his Article 138 Complaint is ***not*** the same as [sic] the having ***documentary evidence*** of the final adjudication, as without that proof, plaintiff could not make the claims he is now asserting." Pl. Supp. 8 (emphasis in original). This contention is incorrect. The rules of pleading in this Court allow a plaintiff to allege facts in a complaint so long as, to the best of the plaintiff's knowledge upon the date of filing, "the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for investigation or discovery." RCFC 11(b)(3). As we demonstrated above, Mr. MacLean had sufficient knowledge in 1994 of all of the material facts contained in the complaint he eventually filed in this Court to allow him to file the complaint at that time. Indeed, the complaint he filed on May 23, 1994 in the United States District Court for the Eastern District of Virginia, see Appendix to Defendant's Motion to Dismiss 2-5, amply proves our point. The favorable adjudication of Mr. MacLean's Article 138 complaint merely provides him documentary evidence with which to attempt to demonstrate the validity of his claims in this Court. Because Mr. MacLean had actual knowledge of all facts that were necessary to allow him to file suit in this Court in 1994, equitable tolling of the statute of

limitations does not apply. Accordingly, the Court should grant our motion to dismiss.

## CONCLUSION

For the forgoing reasons, we respectfully request that the Court dismiss the complaint.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/James M. Kinsella

JAMES M. KINSELLA
Deputy Director

s/Gerald M. Alexander

GERALD M. ALEXANDER
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L St., N.W.,
Washington, D.C. 20530
Tele: (202) 307-0361
Fax: (202) 514-7965

February 25, 2005